IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

REBECKAH AUBERTIN

    Plaintiff,

v.                                                   Cause No.

JIMMY A. CASTLE,
AC FREIGHT SOLUTIONS, INC.,
LENITA'S EXPRESS, INC., and
FIRST GUARD INSURANCE COMPANY,

    Defendants.

## AC FREIGHT SOLUTIONS, INC.'S NOTICE OF REMOVAL

Defendant AC Freight Solutions, Inc., ("AC Freight") pursuant to 28 U.S.C. §§1332, 1441 and 1446, hereby removes to this Court the state court action captioned *Rebeckah Aubertin v. Jimmy A. Castle, AC Freight Solutions, Inc., Lenita's Express, Inc., and First Guard Insurance Company,* No. D-101-CV-2022-01459, presently pending in the First Judicial District Court, County of Santa Fe, State of New Mexico (the "State Court Action"). AC Freight files this Notice without waiving any defenses, exceptions, or obligations that may exist in its favor in the State or Federal Court. AC Freight bases this removal on the following grounds:

1. On August 11, 2022, Plaintiff filed the State Court Action.

2. Plaintiff served to AC Freight's registered agent on September 2, 2022.

3. A copy of all process and pleadings served in the State Court Action are attached as Exhibit 1 hereto.

4. As set forth below, this case is properly removable to this Court pursuant to 28 U.S.C. §§ 1441 and 1446 because AC Freight has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

## PLAINTIFF'S ALLEGATIONS

5. Plaintiff alleges that, in his capacity as an employee and/or agent, and/or subcontractor of AC Freight and Lenita's Express, Inc. ("Lenita's Express"), and in the course and

scope of his respective agency, servitude or employment by AC Freight and/or Lenita's Express, Defendant Jimmy A. Castle ("Mr. Castle") collided with Plaintiff and caused her injuries. *See generally,* Complaint.

6. Plaintiff alleges that the incident and Plaintiff's alleged injuries suffered were proximately caused by AC Freight's, Mr. Castle's, and Lenita's Express's respective negligent and careless disregard of duty. *See* Complaint, ¶¶ 7-8.

7. Plaintiff alleges that she sustained the following serious personal injuries: "concussion with loss of consciousness, T1, T6, and T7 vertebras were crushed, scapula was crushed, collapsed lung, closed head injury, traumatic brain injury, six broken ribs, and body as a whole." *See* Complaint, ¶ 10.

### REMOVAL IS PROPER IS IN THIS CASE BECAUSE IT MEETS PROCEDURAL REQUIREMENTS AND THIS COURT HAS SUBJECT MATTER JURISDICTION UNDER 28 U.S.C. §§ 1332 AND 1441.

**A.     Removal is Timely and All Defendants Have Consented to Removal.**

8. On August 11, 2022, Plaintiff filed the state court action.

9. Plaintiff served AC Freight's registered agent on September 2, 2022.

10. This Notice of Removal is timely as it is being filed within 30 days of service of the initial pleadings upon AC Freight as required by 28 U.S.C. § 1446(b) and Fed. R. Civ. P. 6(a)(1)(C).

11. As required by 28 U.S.C. § 1446(a), AC Freight attaches a copy of all process, pleadings, and orders served upon it, including summonses and petitions, as **Exhibit 1**. As required by 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff and a copy is being filed with the First Judicial District Court.

12. Pursuant to 28 U.S.C. § 111, the United States District Court for the District of New Mexico is the federal jurisdiction encompassing the First Judicial District Court for Santa Fe County, New Mexico, where this lawsuit was originally filed. Venue is therefore proper in this district under 28 U.S.C. § 1441(a).

13. Additionally, all Defendants have expressly consented to the removal of this action as set forth in the Notices of Consent to Removal, attached and filed herewith as **Exhibit 2**.

14. Removal is substantively proper under 28 U.S.C. § 1332 because: (1) Plaintiff and Defendants are diverse, and (2) Plaintiff's claims place more than $75,000 in controversy, exclusive of costs and interest. *Lovell v. State Farm Mut. Auto. Ins. Co.*, 466 F.3d 893, 897 (10th Cir. 2006).

**B.    Complete Diversity Of Citizenship Exists Between Parties**

15. Plaintiff is a resident of Benton County, Washington.

16. AC Freight is an Illinois corporation with its headquarters and principal place of business in Illinois. Thus, AC Freight is a citizen of the state of Illinois and under 28 U.S.C. § 1332(c)(1), and AC Freight is not a citizen of the State of New Mexico for diversity purposes. *See Hertz Corp. v. Friend*, 559 U.S. 77 (2010) ("principal place of business" refers to the place where the corporation's high-level officers direct, control, and coordinate the corporation's activities).

17. Lenita's Express is a Pennsylvania corporation with its headquarters and principal place of business in Pennsylvania. Thus, AC Freight is a citizen of the state of Illinois and under 28 U.S.C. § 1332(c)(1), and AC Freight is not a citizen of the State of New Mexico for diversity purposes.

18. Defendant Jimmy A. Castle is a resident of Lehigh County, Pennsylvania, and is not a citizen of New Mexico for diversity purposes.

19. Defendant First Guard Insurance Company ("First Guard") is a foreign corporation with its principal place of business in Arizona, or alternatively, in Florida and is not a citizen of New Mexico for diversity purposes. *See* Exhibit 3.

20. Therefore, complete diversity exists between the parties to this action.

**C.    The Amount In Controversy Requirement Is Satisfied**

21. The amount in controversy requirement of 28 U.S.C. § 1332 is also satisfied. The amount in controversy in a case where federal jurisdiction is based on diversity of citizenship must exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). "[I]n the absence of an

3

explicit demand for more than $75,000, . . . the defendant may rely on an estimate of the potential damages from the allegations in the complaint." *McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008) (citing *Meridian Security Ins. Co. v. Sadowski*, 441 F.3d 536, 541 (7th Cir. 2006)). "A complaint that presents a combination of facts and theories of recovery that may support a claim in excess of $75,000 can support removal." *Id*

22. In this Circuit, a removing defendant must demonstrate by a preponderance of the evidence the facts establishing that the amount in controversy exceeds $75,000. *McPhail v. Deere & Co.*, 529 F.3d 947, 954 (10th Cir. 2008).

23. Once a defendant has shown the facts establishing the amount in controversy, a case may be remanded "only if it is 'legally certain' that the recovery (from the plaintiff's perspective) . . . will be less than the jurisdictional floor." *Id.* at 955 (quoting *Meridian Security Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006)).

24. Here, the face of Plaintiff's Complaint does not pray for a specific amount of damages. Plaintiff's Complaint instead claims damages for Plaintiff's "serious personal injuries: concussion with loss of consciousness, T1, T6 and T7 vertebras were crushed, scapula was crushed, collapsed lung, closed head injury, traumatic brain injury, six broken ribs, and body as a whole." Plaintiff is therefore seeking recovery for past and future medical expenses, past and future physical pain and suffering and mental anguish, past and future physical impairment, and other incurred expenses. *See* Complaint ¶ 10-10.1.

25. "[I]n the absence of an explicit demand for more than $75,000, . . . the defendant may rely on an estimate of the potential damages from the allegations in the complaint." *McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008) (citing *Meridian Security Ins. Co. v. Sadowski*, 441 F.3d 536, 541 (7th Cir. 2006)). "A complaint that presents a combination of facts and theories of recovery that may support a claim in excess of $75,000 can support removal." *Id*.; *Enriquez v. Almaraz*, No. 19-CV-15-MV-KBM, 2019 WL 2330880, at *1 (D.N.M. May 31, 2019).

26. "The Supreme Court of the United States of America recently clarified that a defendant seeking removal to federal court need only include in the notice of removal a plausible

4

allegation that the amount in controversy exceeds the jurisdictional threshold." *See Graham v. Troncoso*, 2015 WL 1568433, at *6 (D.N.M. Mar. 30, 2015) (citing *Dart Cherokee Basin Operating Co. v. Owen*, 135 S.Ct. 547, 554 (2014)). The district court should consider outside evidence to find whether the amount in controversy requirement is satisfied "only when the plaintiff contests, or the court questions, the defendant's allegation." *Id*.

27. "A defendant (like a plaintiff) is entitled to stay in federal court unless it is 'legally certain' that less than $75,000 is at stake." *McPhail,* 529 F.3d at 954.

28. Similar allegations were sufficient to uphold removal in *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). Likewise, the Tenth Circuit has upheld a $1.3 million damages award for pain and suffering arising from back injuries (among other injuries). *See Blevins v. Cessna Aircraft Co.*, 728 F.2d 1576, 1580 (10th Cir. 1984) (emphasizing that the plaintiff had surgeries to correct rib fractures but that pain associated with shoulder and low back injuries would be permanent); *see also Dolenz v. U.S.*, 443 F.3d 1320, 1323 (upholding a $4,000,000 pain and suffering award for a back injury); *Xiong v. Knight Transp. Inc.*, 658 Fed.Appx. 884, 888-89 (upholding a $282,000 award for pain and suffering from a back injury).

29. Therefore, based on Plaintiff's allegations, and without in any manner passing on the merits of Plaintiff's claims, the Court can reasonably conclude that the amount in controversy, exclusive of interest and costs, exceeds $75,000 and is consequently satisfied for "original jurisdiction" under 28 U.S.C. § 1332(a). *See Jamison, supra; Bolling v. Union Nat'l Life Ins. Co*., 900 F. Supp. 400, 405 (M.D. Ala. 1995) ("[I]n view of awards rendered in similar cases . . . [the] defendant has met its burden of producing sufficient evidence [on removal] to convince this court that the amount in controversy is greater than" the jurisdictional amount exclusive of costs).

30. Although Defendants deny liability, given the nature of the alleged injuries Plaintiff suffered, there is clearly more than $75,000 in controversy in the present case.

31. AC Freight has satisfied all other requirements for removal and reserves the right to amend this Notice of Removal. If any questions of the propriety of this removal should arise, Allstate requests the opportunity to present a brief and argument in support of this removal

5

WHEREFORE, AC Freight gives notice that the matter bearing civil number Case No. D-101-CV-2022-01459, in the First Judicial District Court in Santa Fe County in the State of New Mexico, is removed to the United States District Court for the District of New Mexico pursuant to 28 U.S.C. § 1441.

    Respectfully submitted October 3, 2022.

    MODRALL, SPERLING, ROEHL, HARRIS & SISK, P.A.

    By: */s/ Jennifer G. Anderson*
        Jennifer G. Anderson (jga@modrall.com)
        Nathan T. Nieman (ntn@modrall.com)
        500 Fourth Street NW, Suite 1000
        P.O. Box 2168
        Albuquerque, New Mexico  87103-2168
        Telephone: 505.848.1800
        *Attorneys for AC Freight Solutions, Inc.*

WE HEREBY CERTIFY that on this 3rdst day of October 2022, we filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected in the Notice of Electronic Filing:

MODRALL, SPERLING, ROEHL, HARRIS & SISK, P.A.

By: */s/ Nathan T. Nieman*
    Nathan T. Nieman

W4517379.DOCX